**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ARNOLDO RAFEAL HERNANDEZ-
RODRIGUEZ, AKA Arnoldo Hernandez-
Rodriguez,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

</td><td>

No.    15-70711

Agency No. A095-807-155

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Arnoldo Rafeal Hernandez-Rodriguez ("Hernandez-Rodriguez"), a native

and citizen of Guatemala, petitions for review of a Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in concluding there was no due process violation. Hernandez-Rodriguez has not demonstrated that the proceedings before the IJ were fundamentally unfair nor has he established that he suffered prejudiced. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (must show fundamental unfairness affecting the outcome of the proceeding).

The BIA did not err in finding that Hernandez-Rodriguez has not established membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Hernandez-Rodriguez has not established that Guatemalans who resist gang recruitment would be perceived by

2

society or criminal gangs as a particular social group. *See Santos-Barrios v. Holder*, 582 F.3d 849, 854-55 (9th Cir. 2009) (men in Guatemala resisting gang violence is not a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Hernandez-Rodriguez also has not established that Guatemalans who have resided for many years in the United States would be perceived by society or criminal gangs as a particular social group. *See Reyes*, 842 F.3d at 1131 (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I&N Dec. 227, 237 (BIA 2014)). Thus, Hernandez-Rodriguez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief. The record does not compel the conclusion that Hernandez-Rodriguez is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Hernandez-Rodriguez's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**